## DOUGHERTY *v.* POSEGATE.

Where in an action for money alleged to have been found by the defendant, a witness called by the plaintiff, testified that the defendant came to his office, and informed him that he had found money over one of the windows of a certain house; that the witness suggested to call in the prosecuting attorney of the county, and advise with him; that this was done, and they advised defendant to bring the money to the office, and that it should be marked; that defendant got the money, and they marked it; that defendant took it away with him; and that defendant was to put it in the same place

Dougherty v. Posegate.

where he found it; and where on cross-examination, the defendant asked the witness to state, what the defendant had stated in other conversations, about his putting the money back in the same place, and whether he watched the same or not, to which question the plaintiff objected, which objection was sustained by the court, and the testimony excluded; *Held*, That the evidence did not tend to explain the previous testimony of the witness, and was not admissible under section 2399 of the Code.

The *other* act or declaration of a party, contemplated by section 2399 of the Code, to be admissible in evidence, must be something which is necessary to make the previous or subsequent detached act or declaration fully *understood*, or to explain it.

It is not all that the party may have said at other times, with regard to the subject of the suit, or the matter in controversy, that is admissible in evidence, under section 2399 of the Code.

Where in action to recover money of the plaintiff, alleged to have been lost by the negligence of the defendant, the court instructed the jury, on its own motion, as follows: " That only slight diligence was required of the defendant in the care of the money, and that he was answerable for gross negligence only;" and where the defendant asked the court to instruct the jury as follows: "That if they find that the defendant knew that the money found by him belonged to the plaintiff, he could recover nothing for the finding, except it was voluntarily given to him by the plaintiff; and that he was an unpaid bailee, and only responsible for gross negligence," which the court refused to give; *Held*, That the two propositions being legally identical, the second was unnecessary; and that the instruction asked by defendant, being based upon an hypothesis upon which it does not appear that there was any evidence, was properly refused.

The word " carelessness " is not a legal term, but it must be taken as equivalent to negligence.

And where in such an action, the court instructed the jury as follows: "That if defendant found the plaintiff's money, knowing the same to be the plaintiff's, he was bound to make restitution of the same, without compensation:" *Held*, That this instruction is in accordance with the act to provide for the taking up of water crafts found adrift, lost goods, and estray animals, approved January 24, 1852, and was correct.

## Appeal from the Warren District Court.

THIS action was instituted by Dougherty before a justice of the peace, against Posegate, to recover a certain sum of money, alleged to have been lost by the negligence of the defendant, and taken by appeal to the District Court, where judgment was rendered for the plaintiff. The defendant appeals. The facts of the case and the errors assigned, are fully stated in the opinion of the court.

*Clarke & Henley*, for the appellant.

*P. Gad Bryan*, for the appellee.

WOODWARD, J.—The plaintiff claims of defendant $92.50, and alleges, that he lost money to the amount of $199.50; that defendant found the same, wholly disregarded the law concerning lost goods, money, &c., and so carelessly and negligently dealt with, and managed said money, that $92.50 thereof were totally lost, and have never been paid to plaintiff. The defendant takes issue on all the allegations of the petition. On the trial, one Henderson, a witness called by the plaintiff, testified that about the 19th of December, 1854, the defendant came to his office, and informed him, that he (defendant) had found money over one of the windows of a certain house. Witness suggested to call in the prosecuting attorney of the county, and advise with him. This was done. They then advised defendant to bring the money to the office, and that it should be marked. Defendant got the money, and they marked it, and defendant took it away with him, and was to put it in the same place where he found it. This is all the evidence shown in the case. On cross-examination, the defendant's counsel asked the witness to state what Posegate had said, in other conversations, about his putting the money back in the same place, and whether he watched the same or not. To which question the plaintiff objected, and the court sustained the objection.

This is the foundation of the first assignment of errors. This testimony is claimed to be admissible under section 2399 of the Code, the concluding clause of which provides, that "when a detached act, declaration, conversation, or writing, is given in evidence, any other act, declaration, or writing, which is necessary to make it fully understood, or to explain the same, may also be given in evidence." While we fully appreciate the wisdom of this provision, a majority of the court, at least, cannot deem it applicable, in the case at bar; and conclude, therefore, that the testimony

was properly rejected.  The other act or declaration, contemplated by the Code, must be something which is necessary to make the previous or subsequent detached act . or declaration, fully understood, or to explain it.  It is not all that the party may have said, at other times, with regard to the subject of the suit, or the matter in controversy.  Now, in this case, there is no positive evidence that Posegate, at any time, said a word, or at least, no declaration is proven. He was to do an act, however, and this was to place the money where he found it.  It is then proposed to prove what he said in other conversations about putting the money back, and whether he watched it.  How does this explain what he was to do, or make more fully understood what he had previously said, or undertaken to do, with the money? It would not seem to assist in throwing light on these things, but it seems rather an effort to prove something new—to establish something which he thinks may tend to his exculpation, but which did not exist, and could not have been in existence, at the time of undertaking the other act.  If this were allowed, it would afford a convenient method for a party to make testimony for himself; for he could promise to do a thing, and then afterwards say he had done it, and thus prove its performance.  This was not contemplated by the Code.  This is the substance of the reasoning on the one side, and its force is appreciated; whilst on the other, it is feared that this is giving too narrow a sense to the statute, and standing too much upon the mere word; and it is thought that the matter in question might fairly stand, perhaps, with the sense of the first clause of the same section. However, the foregoing are the views of the majority, and the writer yields a doubting assent.

The other supposed errors rest upon the instructions.  The court, on its own motion, instructed the jury that only slight diligence was required of the defendant. in the care of the money; and that he was answerable for gross negligence only.  The defendant asked the same charge, but it was coupled with qualifications, or with other ideas, rendering it, at least, more obscure.  The court refused to give it.  If the

Dougherty v. Posegate.

two propositions are legally identical, the second was unnecessary, and we should not reverse the cause for its refusal. But that of defendant is based upon a hypothesis, viz: that defendant knew it was plaintiff's money—upon which it does not appear to this court, that there was the least testimony. The proposition given by the court, therefore, was the one which was called for by the case, and is equally in defendant's favor with that asked by him, whilst defendant's was inadmissible, so far as we can perceive from the record.

Objection is also made by defendant, to the first and second instructions given at the request of the plaintiff. The first is, that if the defendant found the plaintiff's money, and by carelessness the same, or any part thereof, is lost by defendant, he is liable for the portion lost. It is true that the word "carelessness," is not a legal term; but it must be taken as equivalent to negligence, from which it does not greatly differ in ordinary acceptation. As to the degree of this necessary to charge the defendant, the court explicitly instructed the jury, as we have seen above.

The second instruction is, that if defendant found plaintiff's money, knowing the same to be plaintiff's, he was bound to make restitution of the same, without compensation. This is the provision of the act, and is correct. See Statute of 1852-3, 166. The idea of this instruction is not, that he is bound to make restitution at all events; but it is, that he shall do it without compensation; that is, he cannot make and recover a charge. The objection to this instruction is rather airy, and we are not sure that we perceive its point. But if it be not the above, then it is that the court did not instruct that defendant might take compensation, if given voluntarily. If this be it, we hardly think it required an instruction below, or the attention of this court. These are all the points presented to the court, and there is no error in them.

Judgment affirmed.