The .State of Iowa v. McPherson.

## THE STATE OF IOWA v. McPHERSON.

1. INDICTMENT: NOLLE PROSEQUI. At any time, especially before the traverse jury is impanneled and sworn to try the cause, the prosecutor may *nolle prosequi* any, or all, of the counts of an indictment without prejudice to a further or new proceeding for the offense.
2. SAME. A *nolle prosequi* as to one count in an indictment does not vitiate the remaining counts.
3. JURISDICTION. Congress has not attempted to restrict the power of the States to punish persons guilty of counterfeiting the current coin of the United States.
4. DUPLICITY. Two distinct offences cannot be charged in a single count of an indictment.
5. SAME. When two or more distinct offenses are charged in different counts of the same indictment, it may be quashed, or the prosecutor may be compelled to elect on which he will proceed; but such selection will not be required where several counts are introduced solely for the purpose of meeting the evidence as it may transpire, the charges being substantially for the same offense. (Section 2917 Code, 1851.)
6. INSTRUCTIONS: EXCEPTIONS. The Supreme Court will not review the action of the Court in refusing instructions where it appears that no exceptions were taken to such refusal at the proper time.
7. PRESUMPTION OF INTENTION. The making of counterfeit coin being established by evidence, the intent to use it for an evil or unlawful purpose is presumed.
8. PRESUMPTION REBUTTED. The proof necessary to rebut this presumption may be introduced by the defendant, or may be shown by all the circumstances attending the transaction, as developed by the State.
9. EVIDENCE: CONVERSATIONS. When the State introduced in evidence a certain conversation between the defendant and the witness, and the defendant proposed to introduce what was said by the defendant at another time to the same witness on the same subject; *Held*, That the second conversation was inadmissable.
10. *Williams v. Donaldson*, 8 Iowa 108; and *Dougherty* v *Posegate*, 3 Ib. 88, cited and followed.

*Appeal from Lee District Court.*

WEDNESDAY, JUNE 15.

This is an indictment under sections 2634 and 2635 of the Code, for counterfeiting silver coin, current by law within the State, &c., containing four counts. The jury returned a verdict of guilty upon one count, upon which judgment was rendered against him, and from which he appeals. The material facts are fully stated in the opinion of the Court.

*C. E. Moss,* for the appellant.

*S. A. Rice,* Attorney General, and *L. D. Ingersoll,* for the State.

WRIGHT, C. J.—The indictment when presented by the Grand Jury, contained four counts: The *first* was for counterfeiting silver coin, current by law within this State; the *second,* for having in possession at the same time, five pieces of false coin, knowing the same to be false, with intent to utter and pass as true; the *third,* for having less than five pieces of such coin, with the same intent; and the *fourth,* for uttering and passing such coin. The prosecutor, by leave of the court, entered a *nolle prosequi* as to the fourth count, and for this reason defendant claimed, that the whole indictment should be quashed or set aside. His claim is, that it is not, as it now stands, the finding of the grand jury, and that defendant is bound to answer none other than such a presentment.

The objection is untenable. At any time, at least, before the traverse jury was impanneled and sworn to try the cause, it was competent for the prosecutor to *nol. pros.* the entire indictment, without prejudice to a further or fresh proceeding for the same offense. The same thing may be done as to any number of counts; and even after verdict, where the jury has failed to respond to a part of the charge, it has been held that the prosecutor may *nol. pros.* the part

not thus responded to, and take judgment upon the verdict as rendered. Bishop's Cr. L., sections 659, 677; *Commonwealth* v. *Gillispie*, 7 Serg. & R. 469; *Com.* v. *Stedman*, 12 Met. 444; *U. S.* v. *Keen*, 1 McLean, 429. The effect of such discontinuance upon a subsequent prosecution, is a question not material to our present inquiry. Such discontinuance, especially when entered as in this case, before the impanneling of the traverse jury, is for defendant's benefit, and he cannot complain. The grand jury presented against him four distinct offenses, and the indictment is certainly not changed, in the sense urged by the prisoner, by the entry of a discontinuance as to one of the charges.

It is next objected that defendant cannot, by the courts of this State, be tried and convicted of the offense of counterfeiting the current coin of the United States—the position being that the Federal Courts have exclusive jurisdiction over such offenses. We understand that Congress has not, in this matter, attempted to restrict the power of the States. If it be granted, therefore, that where Congress has power over a given subject, it can render the same exclusive, it would still be true that the power of the States in this instance, is not superceded; for the General Government has not, either expressly or impliedly by its statutes, prevented the punishment by the States. Bishop's Cr. Law, sections 613, 655, and the cases there cited; Wharton's Cr. Law, 47, 349; Act of Congress, April 21, 1806, Ch. 69, section 4; Act of March 3, 1823, Ch. 166; March 3, 1825, Ch. 276.

A third point made by defendant is, that the indictment presents more than one public offence, in violation of section 2917, of the Code, which provides that "an indictment must present but one public offense, but such offense may be therein charged in different forms to meet the evidence in the case."

The prisoner is prosecuted under sections 2634, 2635, of the Code, which provides for the punishment of those who shall forge and counterfeit any gold or silver coin; those having in their possession, with intent to utter or pass the

same, *five or more* pieces, knowing, &c., with intent, &c.; and those having *less* than five, with intent, &c.    Any person guilty of the first and second offenses, is liable to be punished by imprisonment in the penitentiary, not more than ten, nor less than one year.    The third offense is punished by imprisonment in the penitentiary, not exceeding eight years, or fined not more than five hundred dollars and imprisoned in the county jail not exceeding one year.

A defendant cannot be charged with two distinct offenses in a single count of an indictment.    A greater difference of opinion will be found to exist upon the question, as to how far, and to what extent, distinct offenses may be charged in different counts.    Without adverting to the authorities, we may state this rule as one to which there is no just exception—that in cases of felony, where two or more distinct offenses are contained in the same indictment, it may be quashed, or the prosecutor compelled to elect on which charge he will proceed; but such election will not be required to be made, where several counts are introduced solely for the purpose of meeting the evidence as it may transpire, the charges being substantially for the same offense.    Wharton's Cr. L. 204; *Engleman* v. *State,* 2 Carter, (Ind.) 91; *Rex* v. *Jones,* 8 Car. & P. 776; *Rex* v. *Trueman,* Ib. 727; 2 McLean 325; *Coulter* v. *Com.,* 5 Met. 532; 7 Blackford, 186; *Kane* v. *Com.,* 9 Wend. 203.    And the same rule prevails in this State in cases of misdemeanor, the language of the Code (section 2917) being general, and including all offenses.[1]

In the case before us, it does not appear that the several counts relate to distinct and different transactions.    On the contrary, we can well conceive that the pleader would be fully justified in varying the charges, as he has in this instance,

---

1. *Zumhoff* v. *the State of Iowa,* 4 G. Greene, 526; *The State of Iowa* v. *Cotely,* 4 Iowa 477; *The State of Iowa* v. *Walters,* 5 Ib. 507; *The State of Iowa* v. *Abrahams,* 6 Ib. 117; *The State of Iowa* v. *Twogood,* 7 Ib. 252; *The State of Iowa* v. *Barrett,* 8 Ib. 536; *The State of Iowa* v. *Cooster,* and *The State of Iowa* v. *Myers,* June Term, 1860.

for the purpose of meeting every possible contingency in the evidence. And this is always permissible, (*State* v. *Nelson*, 29 Maine, 324; Wharton 207,) where it relates to the same transaction. Thus, while the proof might leave it uncertain whether the prisoner made and counterfeited the coin, there would be no doubt left upon the mind of the jury, that he had the same in his possession, with intent to pass. And yet the testimony would relate to the same coin, and the same act or transaction. So, again, while the proof might not show that he had *five or more* pieces in his possession, it might establish the fact that he had less, and if so, he would be liable, even without the third count of the indictment. Code, section 3039; *Com.* v. *Griffin*, 21 Pick. 523. And therefore, where, as in this case, the jury have returned a verdict of guilty upon one count, and not guilty on the others; after a motion in arrest and for a new trial, based, among other things, upon this alleged misjoinder of offenses, has been overruled; and where there is nothing before us by bill of exceptions or otherwise, to show that the several counts relate to separate transactions, we cannot say that the indictment is subject to the objection urged. Cases might arise where the indictment upon its face, would show that different offenses were included, as if larceny and perjury should be charged. Where it is not thus apparent, other parts of the record should make it appear in some method, that the counts relate to distinct offenses, or transactions.

The other questions made by appellant, are of less importance, and demand nothing more than a brief examination.

Errors are assigned to the action of the court in refusing certain instructions asked by defendant. To this assignment, it may be answered: *first*, that no exceptions were taken at the time to such refusal; and, in the *second* place, each, and all, of the instructions asked the court to tell the jury what was and what was not proved.

It seems that the jury propounded to the Court this inquiry: "Is it proper to find the defendant guilty of making the counterfeit coin in question, if they find that he made it,

unless it is found that he intended to pass it." To this, the court responded: "The intention to pass the coin, may be presumed from the act of making it; and if the defendant was acting as a detective, or did not intend to pass the coin, it is for him to show it by proof." To this instruction, defendant objects.

Proof of an intent to pass, or tender in payment as true, the counterfeit coin made by the party charged, is not essential to constitute the crime set out in the first count. The presumption is that he made it for an evil and unlawful purpose, and the presumption must be rebutted, if defendant would escape the consequences resulting from his illegal act. Not, it is true, that the proof to rebut this presumption, shall necessarily come from him. It may arise or be shown by all of the circumstances attending the transaction, as developed by the State; and if so, it is as sufficient for his exculpation, as though proven by him. Entertaining this view, we have no difficulty in concluding, that the instruction could have worked no prejudice to the rights of the prisoner.

The State having proved a certain conversation had between a witness and the prisoner, the defendant proposed to prove what was said at other times, by him to the same witness on the same subject. That the testimony was inadmissable under the circumstances stated, see *Williams* v. *Donaldson*, 8 Iowa, 108; *Dougherty* v. *Posegate*, 3 Iowa, 88.

We do not understand the indictment to charge, that the counterfeit pieces of money were made of silver, but that they were made in the similitude of that metal, and with intent to imitate that coin. The objection made, therefore, to the counterfeit coin offered in evidence by the prosecutor, upon the ground that it was not silver coin, nor made of silver metal, is without foundation. It was founded upon a misconstruction of the language of the indictment.

Judgment affirmed.