[No. 3257.]

JOHN MARTIN *v.* THE STATE.

COUNTERFEITING UNITED STATES COIN — JURISDICTION.— To an indictment for counterfeiting silver coin of the United States the appellant pleaded that the courts of this State had no jurisdiction of the offense, and that the courts of the United States had exclusive jurisdiction thereof. *Held,* that the counterfeiting of gold or silver coin is made an offense against this State by the Penal Code (art. 459 *et seq.*), and therefore prosecutions for the offense against the State are maintainable in the courts of the State. Wherefore the trial court did not err in overruling the appellant's plea to its jurisdiction.

APPEAL from the District Court of Mitchell. Tried below before the Hon. T. B. Wheeler.

Appellant was indicted and convicted for counterfeiting a silver dollar of the current coin of the United States. No statement of the evidence appears in the record. The only contested question seems to have been that of jurisdiction, which is sufficiently indicated in the opinion of this court.

As the punishment of appellant, the jury assessed a term of five years in the penitentiary.

*C. C. McGinnis,* for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

WILLSON, JUDGE. It is submitted by counsel for appellant that the power to coin money is a power expressly conferred upon the Federal government, and denied to the States. And that the power to punish for counterfeiting coin is an express power to the Federal government, and a power denied to the States; and that therefore the appellant could not legally be prosecuted and convicted in the courts of this State for the offense of counterfeiting,— the State courts not having jurisdiction of said offense.

This position is not sound. Mr. Bishop says: "There are wrongful acts of a nature to violate duties both to the United States and

a particular State. And some of these acts are declared crimes by the positive laws of each. It is probably the doctrine of the courts, though not free from doubt in principle, that, whenever Congress has the constitutional power to render a thing punishable as a crime against the United States, she can make this legislation exclusive of State law. But, however this may be, if the national statute neither in terms nor by necessary implication excludes the State law, the latter is not superseded. Therefore indictments are maintainable in the State courts for the offense against the State of counterfeiting the coin or bills of the United States, or foreign coin made current by act of Congress; while proceedings will also lie, under United States statutes, before the national tribunals, for doing the same thing as an offense against the United States. Congress has not attempted to restrict the power of the States." (1 Bish. Cr. Law, § 178. See, also, §§ 155, 984, 987, 989; *Fox* v. *Ohio*, 5 How. (U. S.), 410; *State* v. *McPherson*, 9 Iowa, 53; *Sizemore* v. *The State*, 3 Head, 26; 2 Bish. Cr. Law, §§ 283, 285, 287.)

Our Code creates and defines the offense of counterfeiting, and it is, therefore, an offense against the laws of the State, and the courts of the State have jurisdiction to try, and to punish parties guilty thereof. The court, therefore, did not err in overruling the defendant's plea to its jurisdiction.

There is no statement of facts in the record. The indictment is in all respects a good one; the charge of the court is in conformity with the indictment and the law. There is no error in the conviction and it is affirmed.

*Affirmed.*

[Opinion delivered May 16, 1885.]