## THE STATE OF KANSAS v. CHARLES ZIMMERMAN.

1. FORGERY — *Information.* It is proper to charge, in separate and distinct counts of the same information, the forgery of a promissory note, and the selling, exchanging or uttering of it as genuine.

2. EVIDENCE — *Comparison of Signatures.* Where, in a criminal case, a defendant is charged with the forgery of a note and mortgage, and the state and the defendant both prove upon the trial that a former mortgage offered in evidence was signed by the party whose signature is charged to have been forged, such former mortgage is competent evidence to be examined by the jury for the purpose of comparing the genuine signature upon the former mortgage with those disputed and denied, to assist in determining whether the latter were genuine.

### *Appeal from Barber District Court.*

PROSECUTION for forgery. From a conviction at the May term, 1891, the defendant, *Zimmerman,* appeals.

*Martin & McNeal,* and *E. Sample,* for appellant.

*John N. Ives,* attorney general, and *Lyman W. DeGeer,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: Charles Zimmerman was charged, in an information filed by the county attorney of Barber county, in the first count thereof, with having, on the 7th day of December, 1889, forged the name of Mrs. Ella Lee to a promissory note of the sum of $450. The second count charged Zimmerman with having sold, delivered and exchanged the note with intent to defraud Mrs. Ella Lee, knowing the same to be a forgery. The third count charged Zimmerman with having forged the name of Mrs. Ella Lee to a chattel mortgage, purporting to secure the note of $450. Zimmerman was convicted upon the first and second counts, and sentenced to imprisonment and hard labor in the penitentiary of the state for the period of one year on the first count, and also one year on the second count; the second term of imprisonment

to commence upon the expiration of the first term. From the conviction and sentence of the trial court, an appeal is taken to this court.

I. It is contended that the trial court erred in overruling the motion to quash the information, and also in refusing to compel the state to elect upon which count it would rely for conviction. The first count of the information for forgery in the third degree was drawn under § 129 of the act relating to crimes and punishments. This offense is punishable under the statute by confinement and hard labor not exceeding seven years. The second count of the information for forgery in the fourth degree was drawn under § 133 of the act relating to crimes and punishments. This offense is punishable by confinement and hard labor not exceeding five years, or by imprisonment in the county jail not less than six months. In support of the contention that the information should have been quashed, or the state compelled to elect, it is said that the information contains counts for separate and distinct felonies, and that these felonies are not necessarily punishable under the statute in the same way. The authorities fully sustain the information. It was decided in *The State v. Hodges*, 45 Kas. 390, that "several separate and distinct felonies may be charged in separate counts of one and the same information, where all of the offenses charged are of the same general character, requiring the same mode of trial, the same kind of evidence, and the same kind of punishment." (See Whar. Crim. Pl. & Pr., § 285, *et seq.*, and cases there cited; 1 Bish. Crim. Proc., 3d ed., §§ 424, 450, 451; 4 Am. & Eng. Encyc. of Law, 754–756; *The State v. Bancroft*, 22 Kas. 170; *The State v. Chandler*, 31 id. 201; *The State v. Goodwin*, 33 id. 538; *The State v. Fisher*, 37 id. 404.) In this case, all of the counts are under different sections of the same statute, and relate to the same transaction. It matters not that the offenses alleged in the different counts are of different grades and call for different punishments. So long as all of the counts relate to the same transaction, there can be no objection to the union of such counts in the same information. It is proper to charge

in an information the forgery of a note or other written instrument and the selling or uttering of the same as genuine. (*The State v. McPherson*, 9 Iowa, 53; *The State v. Nichols*, 38 id. 110; *Hoskins v. The State*, 11 Ga. 92; *Barnwell v. The State*, 1 Tex. App. 745; Maxw. Crim. Proc. 52, 53.)

II.  Upon the trial, Zimmerman claimed in his defense that the note of $450, and the chattel mortgage given to secure the same, were signed by Mrs. Ella Lee, and therefore genuine.    He also claimed that the note and mortgage were given in renewal of a promissory note dated the 12th day of June, 1889, of $319, and secured by a chattel mortgage of the same date.    This note and chattel mortgage he attempted to introduce in evidence before the jury for the purpose of allowing them to be compared with the signatures to the note and mortgage of $450, which he was charged with having forged. The state introduced Mrs. Ella Lee, who testified that she never signed the note of $450, or the mortgage given to secure the same.    She further testified, that on the 7th of December, 1889, Charles Zimmerman called to see her about signing the note and mortgage of $450; that he told her this note and mortgage were to renew the note and mortgage of the 12th of June, 1889.    She then testified that she and her husband gave the mortgage of the 12th of June, 1889; that it was drawn up at her house, and that she signed the mortgage, but did not sign the promissory note which the mortgage was given to secure.    During her examination. Mrs. Lee repeated the statement that she signed the mortgage of June 12, 1889. Mr. Zimmerman testified that Mrs. Lee signed both the note and mortgage of June 12, 1889.    As the signature of Mrs. Ella Lee upon the mortgage of June 12, 1889, was testified to as genuine, both upon the part of the state and upon the part of the defendant, it must be admitted to be genuine.    The trial court, upon the testimony, ought to have allowed the prior mortgage to be introduced in evidence for the purpose of comparing Mrs. Ella Lee's signature on that instrument with the signature on the note and mortgage described in the information.    The jury ought to have been allowed to ex-

amine the admitted signature for the purpose of comparison. In *Macomber v. Scott*, 10 Kas. 335, it was said that—

"It will generally be conceded that comparisons may be had between writings in the following cases: Where the writings to be used as specimens are admitted to be genuine, and generally where no collateral issues can arise; where the different writings are already properly in evidence, or properly in the case for some other purpose; where the witness has seen the person whose signature is disputed previously write, although it has been only his name; where the witness has personal knowledge of the person's writing ·from some other proper source, as from having seen writing which the person in the course of business has acknowledged to be his, or has acted on as his, etc.; where writings are of such antiquity that living witnesses cannot be had to prove them, and such writings are not so old as to prove themselves; and probably in many more cases which we might mention."

On account of the rejection of competent and important evidence offered by the defendant, the judgment must be reversed, and the cause remanded for a new trial.

All the Justices concurring.