THE STATE OF KANSAS v. WILLIAM FINLEY.

1. INFORMATION—*Sufficiency of.* An information in a criminal action charging an assault, is sufficient, if it state the facts constituting the offense in general terms, and not in minute detail.

2. —— *Practice—Preliminary Examination.* It is not necessary that the information itself should show that a preliminary examination had been first had before the filing of the information, nor that the information itself should show a legal cause for filing the same without such preliminary examination; and an information otherwise good, filed without such showing, will be held good on a motion to quash or on a motion in arrest of judgment.

*Appeal from Doniphan District Court.*

WILLIAM FINLEY was charged with having committed an " assault with intent to kill;" was arrested, examined before M. S. M., a justice of the peace, and bound over

for his appearance to the district court. At the next term, the county attorney filed in the district court an information which, after the formal part, charged, " that " *William Finley* did, on or about the nineteenth day of " June, 1869, in the county of Doniphan, State of Kan- " sas, with a certain revolving pistol, the same being a " deadly weapon, which the said *William Finley* had and " held in his right hand, in and upon one Peter Winein- " ger, then and there being, feloniously, on purpose, and " of his malice aforethought, with intent to kill, did make " an assault; and the said *William Finley* at the time and " place aforesaid, the revolving pistol aforesaid, felo- " niously, on purpose, and of his malice aforethought, " did point and snap, and attempt to shoot, with intent " him, the said Peter Wincinger, to kill and murder, con- " trary to the form of the statute in such case made and " provided."

The information was verified by the county attorney, but it was not shown or stated in the body of the infor- mation, nor in the verification, that a " preliminary exam- ination " had been held. The counsel for *Finley* filed a motion to quash the information because, *first*, said de- fendant " has not had any preliminary examination," etc.; and *second*, said information " does not charge any public offense." The motion was overruled, and defendant ex- cepted.

Defendant having pleaded " not guilty," a trial was had, and the jury returned a verdict finding defendant guilty of " simple assault." His counsel then filed a motion in arrest of judgment, assigning the same causes as in the motion to quash. The motion in arrest was overruled, and sentence pronounced, that *Finley* pay a fine to the State of one hundred and fifty dollars, and

the costs of prosecution, "and stand committed to the jail of the county until said sentence is fully complied with." *Finley* excepted, and now brings the case to this court by appeal.

*Albert Perry*, for appellant:

1. The county attorney has no authority to file an information against a party unless such party has had an examination before an examining magistrate, or has waived his right to such examination, or unless such attorney is ordered by the court to file such information. Genl. Stat., p. 832, § 69.

2. The affidavit made before the magistrate did not charge the defendant with the commission of any offense. If the information charges an offense, the defendant had no examination before a magistrate for such offense, nor had he waived his right to such examination; and the court had not ordered such information to be filed.

3. The information is bad because it does not state facts constituting the offense. Barb. Crim. Law, 330, 332; *People v. Taylor*, 3 Denio, 91; Arch. Crim. Plead., note, pp. 346, 349; Gen. Stat., p. 37, § 103.

The information is bad because it does not state that the pistol was loaded; and because it does not state that the pistol was pointed at the prosecutor. 1 Russell on Cr., 77, 723, 750; Barb. Crim. L., 85, 86, 331.

It is bad because it does not contain terms amounting to a charge of a criminal intent, and is not cured by verdict. 3 Foster, 355.

*X. R. Stout*, county attorney, filed no brief on the part of the State.

The opinion of the court was delivered by

VALENTINE, J.: The defendant William Finley, was charged, on information of the county attorney of Doniphan county, with the offense of assault with intent to commit murder. A trial was had, and the defendant was found guilty of an assault only, and was fined one hundred and fifty dollars, and he now appeals to this court.

Two questions are raised: *First,* Does the information charge any offense? *Second,* Had there been any preliminary examination, etc., before the information was filed? The appellant raised these questions in the court below by moving to quash the indictment, and also by moving in arrest of judgment.

I. An assault is a criminal offense, (Gen. Stat., p. 325, § 43,) of which the district court has original jurisdiction, concurrent with justices of the peace; (Gen. Stat., 383, § 308; Laws of 1869, p. 149;) and this information clearly, and beyond all doubt, sufficiently charges an assault: 2 Wharton's Am. Cr. Law, § 1263; 3 Sneed, 66; Whart. Prec. Ind. and Pleas, 214; Train & Hurd's Prec. Ind., 38;) and the defendant is found guilty of an assault only. If it was necessary we would also state that we think the information is sufficient as an information charging an assault with intent to commit murder: Whart. Am. Cr. Law, §§ 292, 1281; 3 Gill & Johns., 8; 5 Cranch, 87; 24 Miss., 371; 4 Hill, 133; and should be held good on a motion to quash, or on a motion in arrest of judgment, when the verdict is only for an assault. The facts constituting the offense need not be stated in the information in minute detail, but only in general terms.

*[margin note: 1. INFORMATION— offense may be stated in general terms.]*

24

II. There are two answers to the second question: *First*, there was a preliminary examination, as appears from the record brought to this court; *Second*, the said question was not properly raised in the court below.

2. —— The information need not show preliminary examination.

It is true, that before the county attorney is authorized to file an information in a criminal action in the district court, there must have been a preliminary examination, unless the defendant has first waived such examination, or unless he is a fugitive from justice; (§ 69, crim. code;) or, unless the district judge has ordered the information to be filed; (§ 71, id.)   But it is not necessary that the information itself should show these facts: *State v. Barnett,* 3 Kas., 250, 254, *et seq.*   All that is required of the information is, that it charge the offense sufficiently, and show that it is prosecuted by the proper officer.   If there had been in fact no preliminary examination in this case, and no sufficient cause existed for filing the information without a preliminary examination, the defendant should have raised the question in the court below, in a proper manner, as by a plea in abatement.   He could not raise the question by a motion to quash the information, nor by a motion in arrest of judgment.

The judgment of the court below is affirmed.

All the Justices concurring.