The State v. Baker.

### The State of Kansas v. J. H. Baker.
#### No. 10645.

1. Preliminary Examination — *warrant and papers need not describe offense fully as information.* In charging a public offense it is not necessary that there should be the same fullness of statement in the warrant or preliminary papers that is required in the information.

2. False Pretenses — *information for, need not set out check when but an incident.* In charging the offense of obtaining property under false pretenses, and where a check is given which is only a step in the transaction or an incident of the offense, a particular description of the check is not indispensable.

3. Arraignment and Plea — *unless waived, trial for felony with-. out, reversible error.* In a prosecution the defendant should be arraigned and required to plead to the charge made against him. Until a plea is entered, or something that is equivalent thereto, there is no issue for the jury to try; and the placing of a defendant on trial for felony without arraignment or plea, and when there has been no waiver of the same, is error.

4. Misconduct of County Attorney — *abusive language in closing argument permitted over objection, ground for new trial.* Where the county attorney in his closing argument to the jury repeatedly uses abusive and improper language calculated to create prejudice against the defendant, and the court, after objection made, fails to check him or to instruct the jury to disregard his remarks, the defendant is entitled to a new trial.

*Appeal from Jewell District Court.*
*Hon. Cyrus Heren, Judge.*

Reversed and Remanded.        Opinion Filed December 5, 1896.

The appellant was arrested and taken before a justice of the peace under a warrant which thus described the offense :

"That on the 26th day of September, 1894, in Jewell County, and State of Kansas, one J. H. Baker did then and there unlawfully, feloniously, intentionally, designedly by false pretense with intent to cheat and defraud one H. H. Huntsinger, obtain from H. H. Huntsinger by means of said false pretenses 33 cases

of eggs of the value of one hundred twenty-five and $\frac{40}{100}$ (125.40) dollars, the property of the said H. H. Huntsinger.''

The complaint described the offense in the same manner.

Before the examination, however, the County Attorney filed an amended complaint, the only difference between which and the information afterward filed in the District Court was that, in the particular averments set forth below, the words in italics were not in the amended complaint but were inserted in the information :

'' Did *falsely* pretend and represent to the said H. H. Huntsinger that he, the said J. H. Baker, had money deposited in the Bank at Burr Oak Kansas subject to his order and check and that *he had arrangements made with the said bank whereby the* said bank would cash all his checks as soon as presented ; *and that he had arrangements made with the Mankato Produce Company to ship eggs in partnership.*''

The information did not describe the check nor set it forth ; and aside from the above averments and the averment that the representations were false, the only reference to the check was as follows :

'' That the said H. H. Huntsinger believing and relying upon the said statements and representations of the said J. H. Baker, so made as aforesaid, to be true, and being deceived thereby, was induced by the said false representations and statements so made by the said J. H. Baker as aforesaid, to deliver over and sell to the said J. H. Baker 33 cases of eggs of the value of $3.80 per case and of the total value of $125.40, the property of the said H. H. Huntsinger, and to take his, the said J. H. Baker's, check on the said bank in payment for the said eggs ; the said check being at the time worthless and of no value whatever, as the said J. H. Baker very well knew at the time    That said

J. H. Baker by the means of the said false pretenses,'' etc.

All other facts essential to a full understanding of the case are given in the opinion.

*T. S. Kirkpatrick* and *R. W. Turner*, for appellant.

*F. B. Dawes*, Attorney General, *M. R. Sutherland*, and *E. P. Hotchkiss*, for the State.

JOHNSTON, J.. J. H. Baker was convicted of obtaining property by means of false pretenses. In the information it was alleged in substance that Baker obtained from H. H. Huntsinger 33 cases of eggs worth $3.80 per case, of the total value of $125.40, by falsely representing and pretending that he had money on deposit in the bank at Burr Oak subject to his check, whereas he had no money on deposit there and had no arrangement with the bank to cash his checks when presented. It is averred that Huntsinger, relying on the representations so made, did sell and deliver the eggs and took in payment therefor Baker's check, which was of no value whatever; and that by means of the false pretenses and with the intent to cheat and defraud Huntsinger, he obtained property to the amount and value of $125.40.

The defendant filed a plea in abatement upon the ground that he had not had a preliminary examination for the offense charged; or, rather, that he was not advised by the one had of the offense set out in the information. A preliminary examination was had, and upon an examination of the preliminary papers it is clear that he could not have misapprehended the character and nature of the charge made against him. It is not necessary that there should be the same fullness of statement in the warrant or preliminary

1. Warrant and papers n"ed not describe offense fully.

papers that is required in the information. We think no error was committed in overruling the plea in abatement. *The State v. Tennison*, 39 Kan. 726; *The State v. Smith*, 50 id. 69; *The State v. Myers*, 54 id. 206.

The sufficiency of the information was questioned by a motion to quash, upon the ground that the check was not particularly set out in the information with an averment of its delivery and acceptance. The check was only a step in the transaction, or an incident of the offense, and a particular description of the same was unnecessary. The amount for which the eggs were sold is alleged, and it is also stated that a check was taken by Huntsinger in payment of the purchase price. We think the information was sufficient and that the motion to quash was properly overruled.

2. Information need not set out check.

The next complaint is that the Court erred in compelling the defendant to go to trial without arraignment. After the motion to quash had been overruled, "the Court without further plea by the defendant and without objecting or assenting thereto other than his silence, and without the waiver of the defendant to further plead, and without said defendant announcing that he was ready for trial, directed the County Attorney to proceed with the examination of the regular panel of jurors," etc., and the jury were then empaneled and the trial proceeded to the end. In *The State v. Cassady*, 12 Kan. 550, it was decided that the failure to arraign the defendant and to have a formal plea of "not guilty" entered, is not prejudicial error where it appears that the defendant announced himself ready for trial upon the charge and submitted the question of guilt to the determination of the jury. In the

3. Trial without arraignment and plea reversible, unless.

present case, however, the defendant did not announce that he was ready for trial, and there was no waiver of arraignment or plea.   Until a plea is entered there is no issue to try.   It is an established rule of the criminal law that the defendant shall be arraigned and called upon to plead to the charge against him. In some cases a formal arraignment may not be indispensable, but in every case there must be a plea or the equivalent of one.   In *The State v. Cassady*, supra, the announcement by the defendant that he was ready for trial upon the information was treated as a denial of guilt and an informal plea.   Here, the defendant not only did not plead, but the opportunity for pleading was never extended to him, although he was charged with felony.   So wide a departure from the established rules of criminal procedure cannot be approved, and we think the defendant has cause to complain of the irregularity.   *The State v. Wilson*, 42 Kan. 587.

Another objection of a more serious character arises upon the argument of the County Attorney.   In his closing address to the jury he referred to the defendant in the following language: "He is a sharper, a villain and a knave."   The attention of the Court was called to the abusive language and it was asked to instruct the jury to disregard it; but, without admonishing him against the use of the language or instructing the jury to disregard it, the Court directed the County Attorney to proceed. The County Attorney proceeded, and among other things said: "If the evidence is not sufficient to convict this man of obtaining property under false pretenses, then, gentlemen of the jury, I want to say to you that it is useless for me to try to enforce the laws in Jewell County."   Another objec-

4. Abusive language not permitted over objection.

tion was made, but it was unheeded by the Court. The County Attorney again proceeded with his address and made use of the following language : "Gentlemen of the jury, this man Baker is a first-class scoundrel ; he is a knave and cheat ; he is a bad man, and a dangerous man, and it is your duty, gentlemen of the jury, to see that he is not turned loose on the community. You should convict him. Sharpers cannot ply their calling in Jewell County." An objection was made to this language by the defendant. He moved the Court to instruct the jury to disregard it and to reprimand the County Attorney for its use. The Court remarked that the County Attorney should confine his remarks to the evidence, but did not condemn the misconduct, nor admonish the jury to disregard the offensive language. There is no justification in the use of this language. It was personal abuse rather than argument, and was well calculated to prejudice the defendant, who was entitled to a fair and impartial trial. The non-interference of the Court when its attention was challenged to the abusive language may have led the jury to think that the Court indorsed the statements of the County Attorney, and thus enhanced the prejudice. In *The State v. Comstock*, 20 Kan. 655, it was said :

"Courts ought to confine counsel strictly within the facts of the case, and if counsel persistently go outside of the facts in their argument to the jury, then the court should punish them by fine and imprisonment ; and if they should obtain a verdict by this means, then the court should set such verdict aside."

In the *The State v. Gutekunst*, 24 Kan. 252, it was said :

"It is the duty of the district courts to interfere of their own motion in all cases where counsel in argu-

ment in jury trials state pertinent facts not before the jury, or use vituperation and abuse, predicated upon alleged facts not in evidence, calculated to create prejudice against a prisoner.''

In *Huckell v. McCoy*, 38 Kan. 53, it was held :

'' Certainly where counsel in his closing argument to the jury repeatedly makes improper remarks, prejudicial to the interests of the adverse party, and over the objection of the adverse party, and the verdict is afterward rendered in favor of said counsel's client, and may have been procured by reason of such remarks, a new trial should be granted.''

We think the Court committed prejudicial error in allowing the County Attorney to use the abusive language over the objection of the defendant without admonishing him to desist or instructing the jury to disregard such language.

Other objections were made to the rulings upon the testimony and instructions, but they are not deemed to be erroneous or to afford ground for reversal.

For the errors mentioned the judgment will be reversed and the cause remanded for a new trial.

All the Justices concurring.