The State v. Goetz.

---

THE STATE OF KANSAS v. JOHN GOETZ AND ANDREW GOETZ.

No. 12,302. ( 69 Pac. 187.)

SYLLABUS BY THE COURT.

1. CRIMINAL PROCEDURE—*Result of Preliminary Examination —Filing of Information.* A preliminary examination, under the provisions of article 5 of the criminal code (Gen. Stat. 1901, §§ 5475–5505), which does not result in a finding by the examining magistrate that there is probable cause to believe the prisoner guilty of the offense charged, will not authorize the county attorney to file an information against such accused, or the court in proceeding to trial upon an information so filed, when the same is attacked by a plea in abatement.

2. ——— *Necessity of Written Complaint — Jurisdiction of Justice.* A justice of the peace has no jurisdiction to try or sentence one for an offense without a complaint in writing having been filed before him charging such offense.

3. ——— *Voluntary Appearance of Defendant without Complaint—Judgment no Bar.* The voluntary appearance of one before a justice of the peace and his plea of guilty to an offense, without any written complaint having been filed, confer no jurisdiction upon such justice to render judgment against such an one; and a judgment so rendered does not constitute a bar to a subsequent prosecution for an offense growing out of the same facts.

Appeal from Ellis district court; LEE MONROE, judge. Opinion filed June 7, 1902. Reversed.

*A. D. Gilkeson,* for The State.

*W. E. Saum,* for appellant.

The opinion of the court was delivered by

CUNNINGHAM, J. : The defendants were brought before a justice of the peace for preliminary examination, upon a proper complaint charging them with an assault with a dangerous and deadly weapon with intent to kill. Upon that examination the justice announced that he did not find "probable cause for charging the defendants with the offense," but did find that they were guilty of an assault and battery. Thereupon the attorneys representing the state withdrew from the place of trial, and announced that they would take no further part in any of the proceedings. The county attorney at once caused to be drawn, verified and filed in the district court an information charging the defendants with the same offense as that stated in the complaint filed before the justice of the peace, and a warrant for their arrest was issued. Thereafter he returned to the office of the justice of the peace, and while there the defendants, their attorney being present, offered to plead guilty to an assault and battery. No complaint, written or otherwise, had been made charging them with this offense. This plea was accepted, and thereupon the justice adjudged them guilty of assault and battery and fined them twenty dollars each, and taxed the costs of the prosecution against them. The county attorney took part in adjusting the amount of costs. This fine and these costs were paid by the defendants and they were discharged. Subsequently they were arrested under the warrant issued as noted above, and entered into a recognizance in the district court, and were thereafter

called for trial upon the information filed, no other or further preliminary examination having been had.  A plea in abatement and bar was filed, and the facts were developed as hereinbefore stated.  The court overruled the plea and held the defendants for trial. Upon the trial the same facts were brought out as were shown before the justice of the peace on the preliminary examination, and thereon one of the defendants was convicted of a felony and the other of assault and battery, and judgment was rendered upon such conviction, from which they appeal to this court.

The first question presented is whether the defendants could be put upon their trial for the felony charged without having been committed for trial by the examining magistrate on a preliminary examination.

The state claims that the fact that the defendants had a preliminary examination is sufficient to warrant the filing of an information, notwithstanding upon such examination they were discharged; that ''the only thing required is that he have or has an opportunity to have such examination, and after this has been accorded him, it rests with the county attorney and the district court as to whether he shall be further prosecuted.''

We do not think this is a proper construction of the statute.  The preliminary examination required is one occurring in the identical proceeding in which the defendants have been bound over to the district court, and growing out of which an information is finally filed by the county attorney.  While one object of a preliminary examination is to inform the defendant of the nature and character of the crime charged against him, it is also a step and a necessary step in the proceeding that leads up to his trial in the district court. He may not be put upon his trial without the finding

of the examining magistrate that there is probable cause for believing that he is guilty of the crime charged, and until a preliminary examination has ripened into such a finding and a consequent binding over to the district court, the county attorney is not authorized to file an information against him. "The party accused has a right to a preliminary examination and a finding of probable cause, before he can be placed upon his final trial." (*The State v. Montgomery*, 8 Kan. 355.) The defendants' plea in abatement ought to have been sustained, and the defendants not put upon trial as they were.

A further question will necessarily arise if the defendants are again put upon trial. It is whether the plea of guilty entered by the defendants, the judgment of the justice of the peace upon such plea and the satisfaction of such judgment constitute former jeopardy, so that they could not again be tried for the offense to which they pleaded guilty, or the greater one with which they were charged in the information: To constitute former jeopardy, one must be placed on trial on a valid complaint, indictment or information before a court of competent jurisdiction. The court must be one not only having jurisdiction of the offense, but jurisdiction of the defendants, which has been obtained by due process, based upon legal proceedings. What these are, must be looked for in the statute. We there find, in section 2 of the criminal procedure before justices of the peace (Gen. Stat. 1901, § 5807), that in order that one shall be put upon trial for a misdemeanor, a complaint must be made to the justice of the peace and a warrant issued. Must this complaint be in writing? A complaint is "a form of legal process that consists of a formal allegation or charge against

a party, made or presented to the appropriate court or officer, as for a wrong done or a crime committed.''

In *Bigham v. State*, 59 Miss. 529, a defendant appeared before a justice of the peace and without complaint having been made, as required by the statute, pleaded guilty to a misdemeanor. The supreme court there held (page 530) :

''The proceedings in a trial by a justice of the peace of one charged with a misdemeanor are regulated by law. . . . It is true that persons may be arrested in certain cases without a warrant ; but without a charge preferred as required by law, there is no case to be disposed of by the justice of the peace, and nothing to sustain a conviction in such a case as this record presents.''

In *Wilson v. The State*, 16 Tex. 246, the statute directed that a justice of the peace should cause any person charged on oath to be brought before him for trial. Wilson voluntarily appeared, without complaint having been filed, and pleaded guilty. The court held :

''Justices of the peace had not jurisdiction . . . finally to try any offense on the voluntary appearance and confession of the offender without complaint, and, therefore, a conviction by a justice in such a case was no bar to another prosecution for the same offense.''

In the case of *Prell v. McDonald*, 7 Kan. 426, 12 Am. Rep. 423, a mayor having magisterial jurisdiction tried one orally charged with violation of a city ordinance. The ordinance required a *complaint* to be made, as does section 2, quoted above. The mayor found the accused guilty and assessed a fine against him, in default of the payment of which the defendant was sent to jail. Action was brought for false imprisonment. It was held that the mayor was without jurisdiction to proceed without a written com-

9—65 KAN.

plaint, and his warrant of commitment, being based upon a void proceeding, did not protect either himself or the marshal in an action for false imprisonment.

At common law, a written complaint was required before a defendant could be put upon his trial for an offense, except in cases of contempt. This common-law rule prevails in this state unless "modified by constitutional and statutory law." (Gen. Stat. 1901, § 8014.) Instead of modifying this rule, we think the act conferring jurisdiction in criminal matters upon justices of the peace confirms it, for while section 2 does not in terms say the complaint shall be in writing, it does not say that any other form shall be sufficient. Section 22 (Gen. Stat. 1901, § 5827) directs that, upon appeal, the district court shall hear the cause upon the original complaint, which could not be done unless the original complaint were in writing.

We think it the intent of the legislature that such complaint must be in the clear and distinct form of a writing. It would not do to hold that a citizen's liberty may be taken from him and his character aspersed by a criminal proceeding depending upon the fleeting and unstable foundation of an oral statement made to a magistrate. We think, further, that the magistrate gets jurisdiction to issue his warrant and proceed with the trial of the offense charged only by the filing of such written complaint. The entire proceeding is one regulated by law and the law must be followed in order that such proceeding shall be valid.

It is claimed that as section 55 of the criminal code (Gen. Stat. 1901, § 5495) provides: "If upon the trial it shall appear that the defendant is guilty of a public offense other than that charged in the warrant, he shall be held in custody of the officer, and tried for such offense," no additional or other complaint need

have been filed. The term "trial," as found in this section, has already been construed by this court as meaning "preliminary examination," and not a trial in the ordinary sense of the term. (*Redmond v. The State*, 12 Kan. 172.) The complaint filed was one authorizing the justice to conduct a preliminary examination of the alleged felony, and not one authorizing him to proceed to try for a misdemeanor.

It follows, because no complaint had been filed with the justice of the peace charging the defendants with assault and battery, the justice of the peace was without jurisdiction to entertain their plea of guilty, or to assess any punishment upon them under such plea. This being so, no judgment which he rendered against the defendants was in any way binding upon them, and hence there was no former conviction and consequent jeopardy.

The judgment of the district court will be reversed, and the case remanded for further proceedings in accordance with this opinion.

DOSTER, C.J., JOHNSTON, ELLIS, JJ., concurring.