THE STATE OF KANSAS v. CHARLES W. BOWMAN.

No. 15,898.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Plea in Abatement—Waiver.* Where a defendant in a criminal action files a plea in abatement, and when arraigned and required to plead to the information pleads not guilty, without calling attention to the plea in abatement and without referring to it in any manner, and without objection goes to trial upon the issue of his guilt, he thereby waives such plea in abatement.

2. FORGERY—*Separate Counts—Allegations of Warrant—Estoppel.* Where a warrant upon which a preliminary examination was waived charged in one count the forging and uttering of a bank check, the county attorney properly filed an information charging such offenses in separate counts, and was not precluded from doing so by the fact that he had previously filed an information in the same case charging the defendant with the forgery of the check only, such first information having been quashed on motion of the defendant.

3. ——— *Instrument Considered in Evidence.* The testimony concerning the introduction in evidence of an alleged forged check examined, and it is *held*, that the check was properly considered and treated as being in evidence.

4. PRACTICE, DISTRICT COURT—*New Trial—Affidavits of Jurors Impeaching Verdict.* In considering a motion for a new trial the court properly excluded that part of the affidavit of jurors impeaching their verdict upon grounds essentially necessary to consider in making up the verdict. (*The State v. Horne,* 9 Kan. 119.)

Appeal from Phillips district court; CHARLES W. SMITH, judge *pro tem.* Opinion filed July 3, 1909. Affirmed.

STATEMENT.

THE appellant was arrested upon a warrant charging him with the forgery of a check, drawn by him as county treasurer upon the Phillips County Bank for $4000, and with having presented this forged check to the bank, which was the depositary of county funds, and having obtained the money thereon. He waived a

preliminary examination and gave a recognizance for his appearance in the district court, where an information was filed against him in a single count for forgery, which was quashed upon his motion. An amended information was then filed charging him in one count with forgery in the third degree, and in a second count with passing the forged check. To this information a plea in abatement was filed alleging that the defendant had had no preliminary examination upon these charges, which plea was tried by the court without a jury and overruled. The information was afterward quashed upon the defendant's motion. A second amended information was filed, to which the defendant pleaded "not guilty." The trial resulted in a conviction for forgery in the third degree, as charged in the second count. (See Gen. Stat. 1901, § 2127.)

The check when presented to the bank contained the words "Pay to the order New England National Bank," and exchange was requested therefor. Before it was honored Mr. Bowman struck out the words "New England National Bank" and inserted "C. W. Bowman, county treasurer," and received a draft to the order of the New England National Bank therefor. He deposited this draft in that bank to his individual credit, and afterward drew the money upon his own checks for use in his individual business. Afterward the money was replaced in the county treasury by his father.

The warrant recited in substance that the defendant had falsely and feloniously made and forged the check, a copy of which was set out, and thereafter on the same day had presented it to the Phillips County Bank, one of the depositaries of the funds of the county, for payment, and had thereupon received such payment, with intent to injure and defraud the bank.

*Fred S. Jackson,* attorney-general, and *Charles D. Shukers,* special assistant attorney-general, for The State.

*L. W. Colby, N. B. McCormick, R. Frank Stinson,* and *Joseph G. Waters,* for the appellant.

The opinion of the court was delivered by

BENSON, J. : The appellant alleges error in trying the issue upon the plea in abatement without a jury. It is doubtful whether any issue of fact for a jury was presented under this plea, as the question whether a preliminary examination had been held or waived could be determined from the transcript of the justice's proceedings which was offered in evidence by the appellant. There was no request for a jury and no exception taken to a trial by the court. Moreover, the information to which this plea was directed was afterward quashed.

A motion to quash and a plea in abatement were filed to the information upon which the appellant was finally tried. The motion was denied, and thereupon, being arraigned, he pleaded not guilty, without asking for a hearing upon his plea in abatement or calling the attention of the court thereto in any manner. The cause was then continued to the next term. The appellant alleges that the court erred in not disposing of this plea in abatement before proceeding further. This claim can not be sustained. When called upon to plead the appellant entered his plea of not guilty, and thereby waived the plea in abatement, which, although filed, was not presented.

Error is also alleged in denying the motion to quash the information. It is argued that the motion should have been sustained because in the warrant the appellant had been charged only with forging the check, and no preliminary examination had been held or waived upon the charge of passing it. This is an erroneous interpretation of the warrant. Without division into counts it charged that the appellant forged the name, and uttered the check. It was not necessary that there should be the same fulness of statement in the warrant required in an information. (*The State v. Baker,* 57 Kan. 541.) Enough appeared in the warrant to apprise the appellant that he was charged with feloniously

passing the check, and, having waived a preliminary examination thereon, the county attorney was authorized to charge the crime more fully in the information. (*The State v. Shaw*, 72 Kan. 81.)

It is contended that the county attorney in filing the first information, charging only the forging of the name, elected to try the appellant for that specific offense, and that he could not afterward be properly charged, tried or convicted for any other; and this is also one of the grounds urged for quashing the second count. It was proper to charge the two offenses in separate counts, and there was no occasion for an election. (*The State v. Zimmerman*, 47 Kan. 242.) The warrant was a sufficient basis for both counts. The fact that other and insufficient informations had been filed in an effort to present proper charges could not preclude the county attorney from presenting a good and sufficient information. The imperfect informations having been quashed, the county attorney had a right to file a good one authorized by the warrant and the appellant's waiver of a preliminary examination thereon.

The information charged that the Phillips County Bank was the county depositary, but the journal of the county commissioners showed that the Phillips*burg* County Bank had been designated as such depositary. The appellant insists that this was a fatal variance. There was evidence, however, that the county funds were in fact deposited in the Phillips County Bank; that it had on deposit $18,000 of money belonging to the county on the day this check was presented; that the appellant recognized that bank as the county depositary by depositing county funds therein and drawing checks thereon as such county treasurer against such deposit in the usual course of business. This was evidence that the bank was in fact such depositary, and there was no evidence to the contrary. The appellant admitted that he received the proceeds of this check from that bank.

He can not in this action successfully question the regularity of its appointment as depositary.

The other specifications of error relate to testimony and the instructions of the court. The instrument alleged to have been forged was an ordinary bank check, drawn by the appellant in his capacity as county treasurer upon the Phillips County Bank, and purported to be countersigned by L. T. Martin, county clerk. The county clerk testified that he did not sign his name to this instrument. The appellant testified that he did. Several witnesses having the proper qualifications were called to examine this disputed signature and to make comparisons with the signature of the county clerk upon other instruments, admitted to be genuine, and give their opinions thereon to the jury. While so testifying these witnesses were asked to point out wherein the disputed signature differed from the genuine, and to show the jury such differences. In doing this the check in question was passed from one juror to another and examined by them while these witnesses testified. It does not appear that it was formally introduced in evidence, although it was marked "Exhibit B," and by that designation was referred to in the examination of witnesses by counsel for both parties. A witness for the appellant was asked concerning a conversation with the county clerk about a difference claimed by that officer between his genuine signature and the one upon the check. The following appears in the examination of this witness:

"Ques. What did he say about any other difference? Ans. He did not say anything, only it turned up more— the latter part turned up more.

"Q. Take that to the jury and show them—just show them what he said was the only difference. [Witness complies.] A. He said that the difference in this was that he turned this point [indicating] of the 'M' up more. [Passing to another juror.] He said that the difference in this that he turned this part up more, the latter part of the 'M.'

"The court: The capital 'M'? A. Yes, sir. [Pass-

ing to another juror.]   He said he turned this latter point of the 'M' up more than this is; [passing to another juror,] that he turned the latter part of the 'M' up more than that.

"Mr. Colby: That he turned the latter part of the 'M' up more than that?   A.  Yes, sir; that he turned the latter part of the 'M' up more than that; [passing to another juror,] the latter part, he said he turned that up more than this is turned up."

The court in instructing the jury commented upon this evidence as though the check had been formally introduced, and informed the jury that they might take into consideration, in connection with these opinions, the knowledge of the witnesses, the testimony of Mr. Martin and of the appellant relating thereto, and their own examination of the signature—thus treating the check as in evidence.   The contention of the appellant is that all this testimony based upon these comparisons was erroneously admitted and should have been withdrawn from the jury, and that the instructions referring thereto were improper, for the reason that the check was not in evidence.   We can not assent to this. The check was before the jury in the hands of the various witnesses, and in the hands of some of the jurymen, at least, and was subject to their inspection.   The court considered it as in evidence, and the failure to introduce it more formally was the merest oversight.   The appellant's rights could not have been affected in the slightest degree by the omission.   His own counsel cross-examined the witnesses of the state in precisely the same manner that he would have done had the check been offered more formally to the jury and a note thereof made in the record.   It was before the court and jury for all the purposes of the trial, and this objection can not now prevail.   The court is required on this appeal to "give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."   (Crim. Code, § 293.)

A motion for a new trial was presented based upon

the statutory grounds, and upon the further ground that the jury were misled by the statements of the county attorney.   Upon the hearing of this motion the affidavit of two jurymen was read who testified that the county attorney in his closing argument had stated that the evidence showed that the appellant had changed the name of the payee in the check from the "New England National Bank" to "C. W. Bowman," that this act constituted the crime of forgery, and that after so changing the check he had received $4000 thereon, which made him guilty of passing it; that the jury had voted unanimously that the appellant was not guilty of signing the name of L. T. Martin, but was guilty of changing the name of the payee and passing the check as thus changed; that as the second count covered the charge of passing the check the jury found him guilty under that count; that the affiants believed from the evidence that the name of L. T. Martin had not been forged, and were of the same opinion now.   The county attorney filed his affidavit wherein he testified that in his closing argument he made the remark that the alteration of the check was a crime, but that he did not tell the jury that the appellant could be convicted of passing the forged check because of such alteration; that no objection to his remark was made by the appellant or his counsel, nor was the court's attention in any way challenged by counsel for appellant to such remark. The court in denying the motion said:

"In the argument the county attorney said in substance that the evidence showed that defendant had first written the check or order payable to the New England National Bank, and afterward changed it to make it payable to himself, and that this constituted a crime and was forgery.  He did not say this made him guilty of forging the instrument as charged, being the forging the name of Martin to the check.  The remark was not objected to, but was called to the court's attention for the first time when presenting the motion for a new trial."

The state objected to the affidavit of the jurors and

the court ruled that part of the affidavit was incompetent and excluded it. The substance of the part excluded was stated by the court as follows:

"That the jurors did not find defendant guilty of forging the name of Martin to the check, and did not find him guilty of passing the check so forged, and that they understood they could find him guilty of passing a forged instrument if he changed the name of the payee in the check, and that they believed the court's instructions permitted them to do so."

The court committed no error in rejecting this part of the affidavit. "Affidavits of jurors will not be read to impeach their verdict on any ground essentially necessary to consider in making up the verdict." (*The State v. Horne,* 9 Kan. 119, syllabus. See, also, *The State v. Furbeck,* 29 Kan. 532.)

The affidavit of the jurymen referring to the statement of the county attorney and the affidavit of that officer presented a question of fact for the trial court—one which could be determined not only from the testimony thus offered but from judicial knowledge gained in presiding at the trial. This court can not disturb that finding.

We have carefully examined the abstracts and the proceedings presented for review, alleged by the appellant to be erroneous, and find no error affecting his substantial rights. The judgment is affirmed.