## No. 20,758.

THE STATE OF KANSAS, *Appellee*, v. LAURA WISDOM, *Appellant.*

### SYLLABUS BY THE COURT.

1. ROBBERY—*Information—Need Not Correspond to Complaint.* No rule of law requires an information for robbery, which is framed according to the facts developed at the preliminary examination, to correspond to the complaint which served as the basis for the warrant on which the accused was arrested.

2. SAME—*Plea in Abatement—Filed Too Late.* A plea in abatement, founded on want of a preliminary examination, comes too late when deferred until after a verdict of guilty has been returned.

3. SAME—*Evidence.* The evidence examined and held to be sufficient to sustain the verdict.

4. SAME—*Insufficient Motion for Arrest of Judgment.* No error is committed in overruling a motion in arrest of judgment which is not based on either of the grounds specified in section 277 of the criminal code.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed February 10, 1917. Affirmed.

The State v. Wisdom.

*D. D. Mote,* and *Edward Rooney,* both of Topeka, for the appellant.

*S. M. Brewster,* attorney-general, *W. E. Atchison,* county attorney, and *Robert D. Garver,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted of robbery and appeals.

The assignments of error follow:

"1. The court erred in overruling defendant's motion to quash the information, on ground of departure from the complaint.

"2. The court erred in overruling the motion to strike out a certain part of the state's answer to the plea in abatement.

"3. The court erred in overruling the motion of defendant in arrest of judgment.

"4. The court erred in overruling the plea in abatement.

"5. The court erred in overruling defendant's motion for a new trial.

"6. That the verdict of the jury is not sustained by the evidence."

The complaint served merely as the basis for a warrant, and its function was completely exhausted when the warrant on which the defendant was arrested was issued. An information is framed according to the facts developed at the preliminary examination, and no rule of law requires it to correspond to the complaint.

The plea in abatement asserted that the defendant had not had a preliminary examination on the charge contained in the information. The trial occurred and the verdict was returned on November 30. The plea in abatement was filed on December 2. The plea came too late. It should have been tendered when the defendant was arraigned. Some statements of fact were inserted in the plea by way of excuse for not filing it earlier. The facts were within the knowledge of the court itself, and presumably the statements did not correspond to the facts. Apparently the court considered the plea far enough to ascertain that the defendant had not been prejudiced, but the journal does not disclose the ground for overruling the plea, and the fact that the plea was filed too late is sufficient ground. The plea having been filed too late, it is not material what the state's answer to the plea contained.

The evidence, although not very strong, was sufficient to establish each ingredient of the crime charged in the information and the motion for a new trial was properly overruled. The motion in arrest of judgment was not based on either of the grounds specified in the statute (Crim. Code, § 277), and was properly overruled.

The judgment of the district court is affirmed.