No. 21,641.

THE STATE OF KANSAS, *Appellee,* v. TOM PERRY, *Appellant.*

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Information—Separate Charges—Plea of Not Guilty—Preliminary Examination—Waiver.* Where a defendant joins issue on several charges set forth in an information by a plea of not guilty, and proceeds to a trial of such charges without raising a question as to the sufficiency of a preliminary examination and that no examination had been held on one of the charges, an objection upon that ground after conviction comes too late.

2. SAME—*Evidence.* The evidence in the case held to be sufficient to sustain the conviction.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed April 6, 1918. Affirmed.

*W. P. Hackney,* and *L. D. Moore,* both of Winfield, for the appellant.

*S. M. Brewster,* attorney-general, and *J. A. McDermott,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Tom Perry was arrested upon a complaint charging him with (1) a felonious sale of intoxicating liquor, (2) having intoxicating liquor in his possession, and (3) maintaining a nuisance. A preliminary hearing was had, after which he was bound over to the district court. In the order of the justice of the peace the offenses mentioned for which the defendant was to be held for trial were the unlawful sale and the maintaining of a nuisance, but the offenses were referred to as being those charged in the *second* and *third* counts of the complaint. The information upon which defendant was tried in the district court set forth three counts corresponding to those of the complaint. The defendant went to trial without objection to the information, and joined issue on all the offenses charged, by plea of not guilty. Upon the evidence the jury returned a verdict finding the defendant guilty as charged in the first and second counts of the information; that is, for the unlawful sale and for having intoxicating liquor in his possession.

In his appeal defendant contends that he was convicted of an offense for which he did not have a preliminary examination. There was some confusion in the record of the examining magistrate in that he found that a felonious sale had been committed by defendant as charged in the second count, whereas that charge was contained in the first count. Then he held him for keeping a place for the sale of intoxicating liquors which was charged in the third count, and, as we have seen, the jury found him guilty on the first and second counts, which charged a sale and the keeping of liquors in his possession. Since the magistrate expressly held him for a felonious sale, the error in naming the count containing that charge could not have misled or prejudiced the defendant. Only one sale was alleged, and he was bound over for a sale. He was held for trial on the third count, for keeping a place where liquors were sold, rather than for keeping liquors in his possession, and of the latter offense he was not convicted; but as the liquor which he sold was necessarily in his possession he was probably not surprised to find that count in the information. At any rate he did not file a plea in abatement or question in any way the propriety of charging him with all three offenses. Having joined issue on the offenses set out in the information and of which he was convicted, without raising the objection that he had not been allowed a preliminary examination, he must be held to have waived it. (*The State v. Bowman*, 80 Kan. 473, 103 Pac. 84.) In no event could he have been prejudiced so far as the second count is concerned, since the sentence imposed upon that count runs concurrently with that imposed for the felonious sale, and the penalty was therefore not enlarged by the conviction on the second count.

The remaining objection is that the evidence did not warrant a conviction of any offense. A witness testified, in effect, that she saw the defendant make frequent trips with strangers to a ravine in which there was underbrush near her residence, several times during a certain day, and that in one instance she saw him hand to another a whisky bottle almost full of liquor and exchange it for coin given him by the other. In this place, to which he made frequent trips during the day, accompanied by strangers, a number of whisky bottles were

57—Kan.—1778

found, and quite a number were also found in an outhouse at his residence. While the witness did not taste or smell the contents of the whisky bottle, she was close to the parties and said that she was sure it was whisky that was exchanged for money. Taking the testimony and the surrounding circumstances together they appear to be sufficient to support the verdict.

The judgment is affirmed.