No. 32,610

THE STATE OF KANSAS, *Appellee,* v. OURA WALLGREN, *Appellant.*

(58 P. 2d 74)

Opinion filed June 6, 1936.

*D. P. Moyers, W. E. Mahin,* both of Norton, and *Dan Hopson,* of Phillipsburg, for the appellant.

*Clarence V. Beck,* attorney general, *Earl B. Swarner, Theo. F. Varner,* assistant attorneys general, and *Frank Hahn,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, C. J.: Defendant was convicted of the crime of statutory rape, and appeals.

On January 23, 1934, a complaint was filed in the county court by George Ashley, charging defendant with carnal knowledge of Della Ashley, a female under the age of eighteen years, on or about May 17, 1933. Defendant was arrested, and gave bond for his appearance. On April 5, 1934, an amended complaint was filed, sworn to by Della Ashley, containing three counts, charging defendant with statutory rape committed on May 17, 1933, on July 14, 1933, and in August, 1933. Defendant waived issue and service of warrant, pursuant to the amended complaint, a preliminary examination was held, and defendant was bound over to the district court for trial.

At the May, 1934, term of the district court, the case was continued by agreement to the next term, which commenced on September 18, 1934.

On September 15, 1934, an information was filed, containing three counts, charging the offenses set forth in the amended complaint in the county court. On September 18, 1934, the first day of the September term, the case was set for trial on September 19. On

September 19 the trial was commenced. On September 21 the jury returned a verdict finding defendant guilty on count 1 of the information and not guilty on counts 2 and 3. A motion for a new trial was filed, which was denied on April 13, 1935.

In the course of the trial, the state discovered an inaccuracy in the transcript of the proceedings at the preliminary hearing. The transcript recited a finding by the county court that a crime had been committed as charged in the complaint, and there was probable cause to believe that defendant was guilty. On motion of the state, and after a hearing, the district court gave permission to the judge of the county court to amend the transcript to show findings of three offenses, as charged in the amended complaint, and a finding there was probable cause to believe the defendant guilty of them. Defendant objected to the amendment, and assigns the ruling of the district court permitting the amendment as error.

The only purpose of the amendment was to correct the record. The information contained the three charges. Defendant filed no plea in abatement that he had not had a preliminary examination on one or more of the charges contained in the information. Defendant waived arraignment, pleaded not guilty, went to trial on the information, and the subject of preliminary examination was no longer material. *(State v. Bowman,* 80 Kan. 473, 103 Pac. 84; *State v. Perry,* 102 Kan. 896, 171 Pac. 1150; *State v. Saindon,* 117 Kan. 122, 230 Pac. 301.)

There is no contention a full preliminary hearing was not had after the amended complaint, containing three charges, was filed. The judge of the county court testified as follows:

"Q. You found a crime had been committed on each of the occasions and there was probable cause to believe that the defendant was guilty of all of them? A. That was what I found. I tried to get that on these findings on the docket."

The transcript was properly corrected to show the facts. *(State v. Miner,* 120 Kan. 187, 243 Pac. 318; *State v. Handrub,* 113 Kan. 12, 213 Pac. 827.)

The first count of the amended complaint was the same as the original complaint. The first count of the information related to the charge contained in the original complaint and in the first count of the amended complaint. Defendant was convicted on the first count of the information only, and whether he ever had a preliminary examination with reference to the other charges is immaterial.

When leave was granted to amend the transcript from the county court to show defendant was bound over on three charges, instead of one, defendant made the following motion:

"Comes now the defendant and moves the court for a continuance of this case, for the reason that, since the amendment requires evidence on three counts which were not stated in the transcript sent up by the county court, this changes issues in the case to such an extent that it is impossible for the defendant to safely proceed to trial on the additional counts added to the transcript, as thus amended by the court."

Defendant was not tried on the transcript from the county court. He was tried on the information and his plea of not guilty. Amendment of the transcript to speak the truth respecting preliminary examination made no change in the issues, and the motion to continue was properly denied.

As indicated, the original complaint in the county court, made by George Ashley, was superseded by an amended complaint made by Della Ashley. At the trial defendant produced a witness to show a statement made by George Ashley to the witness concerning a conversation Ashley said he had with the defendant, in which Ashley gave defendant three days to settle the case. George Ashley was the father of Della Ashley. He was not a witness at the trial. His credibility was not involved. The plaintiff in the case was the state of Kansas. Anything the witness might say Ashley said was hearsay, and nothing Ashley might have said could prejudice the state. (See State v. Calvert, 96 Kan. 813, 153 Pac. 499.)

Defendant had difficulty in securing attendance of some witnesses. After the court had twice granted short postponements, defendant announced the witnesses could not be produced, and announced he had no further testimony. That closed the case. At the hearing on the motion for a new trial, the witnesses were produced and examined. Their testimony related solely to a charge of which defendant was acquitted. At the hearing on the motion for a new trial, some further evidence was offered as newly discovered, for the purpose of impeaching the testimony of a witness on a subject rendered immaterial by the verdict. The result was, the motion for a new trial was properly denied.

There is nothing else of importance in the case, and the judgment of the district court is affirmed.