No. 44,418

THE STATE OF KANSAS, *Appellee,* v. RICHARD LEE MCCARTHER, *Appellant.*

(414 P. 2d 59)

Opinion filed May 7, 1966.

G. *Edmond Hayes,* of Wichita, argued the cause and was on the briefs for appellant.

*Martin E. Updegraff,* Deputy County Attorney, of Wichita, argued the cause, and *Robert C. Londerholm,* Attorney General, of Topeka, and *Keith Sanborn,* County Attorney, Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The defendant, Richard Lee McCarther, was convicted by a jury of escaping from the county jail of Sedgwick County, and has appealed.

On December 5, 1964, the defendant, while lawfully confined in the Sedgwick County jail awaiting trial on charges then pending

against him for first degree robbery, felonious assault and possession of firearms after a felony conviction, broke imprisonment and escaped. An information was filed directly in the district court charging the defendant with escape before conviction in violation of K. S. A. 21-736, and alleged he was a fugitive from justice as provided in K. S. A. 62-805. On December 8, 1964, the clerk of the district court issued a warrant for the defendant's arrest, alleging the offense charged in the information; that he was a fugitive from justice, and commanded the sheriff to arrest the defendant and bring him before the court to answer the charge.

On Friday, December 18, 1964, the defendant was arrested, and on Monday morning, December 21, 1964, he was brought before Judge Wm. C. Kandt of division No. 1 of the district court for arraignment and the fixing of an appearance bond. (The courthouse in Sedgwick County is officially closed on Saturdays, and December 20, 1964, was Sunday.) The defendant advised the court he had employed Russell Shultz, a member of the Sedgwick County Bar, to represent him. Upon being advised that Mr. Shultz was not present, and having a trial scheduled to commence at 9:30 a. m., Judge Kandt continued the matter until 1:45 p. m. At that time, the parties appeared as before, including the defendant, but without Mr. Shultz. The court advised it had communicated with Mr. Shultz who was in federal court in Wichita and did not know when he could be present, and stated, "so I think we will proceed with the arraignment and give Mr. Shultz time to make an appearance with you later if he desires." The information was read to the defendant, and after explaining the nature of the offense charged, the sentence prescribed upon conviction, and his right to have a trial upon the offense alleged, the court inquired of the defendant if he "wished to plead to the charge." The defendant replied in the negative and the court entered a plea of not guilty. The case was set for trial and the court fixed the defendant's appearance bond in the amount of $50,000, the same amount which had previously been fixed in the cases for which he escaped confinement, conditioned upon his appearance before the court on the first day of the January term. Pending the posting of proper bond, the defendant was ordered committed to the county jail.

On a date not shown by the record, the defendant's case was ordered transferred to division No. 4 of the district court since that division had an earlier assigned case involving the defendant.

On March 1, 1965, Judge James V. Riddel, Jr., of division No. 4, for good cause shown and to facilitate a speedy trial, assigned all cases pending against the defendant to division No. 6 of the district court, Judge Robert T. Stephan presiding.

On that same day, March 1, 1965, the defendant appeared before Judge Stephan and requested that his retained counsel, Mr. Russell Shultz and Mr. Larry Kirby, be discharged. The record does not indicate whether Mr. Shultz or Mr. Kirby appeared for the defendant or filed any motion in his behalf during their employment. The court advised the defendant it would appoint counsel to represent him in all cases pending against him at 10:00 o'clock a. m. the following morning.

On March 2, 1965, the court appointed Mr. Stan Issinghoff, a former county attorney of Trego County and a practicing attorney in Wichita, as counsel for defendant in the four felony cases then pending against him in division No. 6. Mr. Issinghoff requested the court to continue all cases, including the instant case, to the next term. The request was denied, and all cases were set for trial on March 30, 1965.

There is some indication in the record that the first degree robbery charge was tried prior to the trial in the instant case and that Mr. Issinghoff represented the defendant at that trial. Be that as it may, the record affirmatively shows that Mr. Issinghoff made a request in writing to withdraw as counsel for the defendant, and on April 21, 1965, the court approved his withdrawal. Thereafter, and on that same day, the court appointed Mr. Melvin Gradert, a member of the Wichita Bar, to represent the defendant, remarking that Mr. Gradert was a former assistant United States attorney for the district of Kansas and had considerable experience with respect to criminal procedure and criminal law.

On May 3, 1965, the instant case came regularly on for trial. After a jury was duly impanelled, the court inquired if there were any objections to proceeding with formal arraignment of the defendant. Counsel stated he had no objection, and the court read the information in full to which the defendant entered a plea of not guilty. The state advised the defendant and his counsel in open court that should the defendant be convicted of the crime with which he was charged, sentence under the Habitual Criminal Act (K. S. A. 21-107a) would be sought. The jury was sworn at 12.30 p. m. and after being duly admonished, the court recessed until 2:00 p. m.

Prior to the jury's return at 2:00 p. m. on May 3, 1965, counsel for the defendant orally moved to dismiss the information and enter judgment of acquittal for the reason that the defendant was not brought immediately before the district court to be arraigned and that an appearance bond was not fixed in accordance with K. S. A. 62-805. The motion was overruled since the record made at the defendant's arraignment on December 21, 1964, clearly disclosed that an appearance bond in the sum of $50,000 was fixed by the court at that time. Through inadvertence the county attorney drew no formal order for the files indicating that bond had been set. However, there is no showing the defendant was prejudiced by the failure of the state to draw an order showing that an appearance bond in the sum of $50,000 had been fixed by Judge Kandt, since the defendant had not previously been able to provide such a bond.

The state made its opening statement to the jury, offered its evidence, and rested. The defendant did not testify and offered no evidence. After being duly instructed, the jury found the defendant guilty as charged in the information.

The defendant timely filed a motion for a new trial, alleging two grounds. First, that the verdict of the jury was not sustained by the evidence, and second, that the defendant did not receive a fair trial because the jury was prejudiced and influenced into believing the defendant was a dangerous person by the constant presence of four sheriff's officers who sat immediately behind him during the entire course of the trial.

On May 21, 1965, the motion for a new trial was heard. Counsel for the defendant stated he was not seriously urging the first ground, but asked the court to sustain his motion upon the second ground because he felt the defendant was unduly prejudiced. In overruling the motion, the court stated:

"I'm convinced Mr. McCarther had a fair trial. There was, as I recall, one uniformed sheriff's officer in the courtroom who was not a witness. Anyone else that was here in uniform, as I recall, was a witness on the case, but every member of the Sheriff's office handled themselves in such a manner so you hardly knew that they were here at all as far as I was concerned, and as a result of their conduct, why, I'm sure that no attention was paid to their presence."

Thereafter, the defendant was sentenced to confinement for the period of his life in the Kansas State Penitentiary upon the jury's verdict of guilty and in accordance with the Kansas Habitual Criminal Act.

On a date not disclosed by the record, defendant's presently retained counsel filed a motion to vacate and set aside the sentence on the grounds that (1) there was no authorization for the filing of an information by the county attorney directly in the district court without first affording the defendant a preliminary examination; (2) the judgment and sentence rendered was without jurisdiction and in violation of the general statutes of Kansas, and (3) the defendant was arraigned without the benefit of counsel in division No. 1 of the district court on December 21, 1964.

The state filed a motion to strike the defendant's motion to quash and set aside the sentence, but the record is silent whether either motion was ever presented to the district court, and if so, whether the court ever ruled on either motion or both. In any event, there was no appeal from a ruling on the defendant's motion to quash and set aside the sentence. The notice only specified that the appeal was from the judgment and sentence rendered on May 21, 1965, and from the order overruling the defendant's motion for a new trial.

The defendant first contends that his fundamental and basic rights were violated when the state filed an information directly in the district court alleging he was a fugitive from justice thereby summarily depriving him of the right to have a preliminary examination, which violation was of a substantial nature and constituted prejudicial error. The defendant refers to K. S. A. 62-805 which reads:

"No information shall be filed against any person for any felony until such person shall have had a preliminary examination therefor as provided by law before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such examination: *Provided, however,* That informations may be filed without such examination against fugitives from justice, and in misdemeanor cases not cognizable before justices of the peace. Where proceedings are commenced originally by information in the district court, the clerk of the court during vacation shall issue a warrant, naming the offense charged to have been committed and the county in which it was committed, and requiring the officer to whom it shall be directed forthwith to take the person accused and bring him before the judge or the clerk of said court to be admitted to bail for his appearance at the next term of the court to be held in said county. In case the defendant should fail to give bond for such appearance in such sum as in the opinion of the judge or the clerk will secure the appearance of the person charged with the offense at the court where such person is to be tried, the prisoner shall be committed for trial, and there shall be endorsed upon the order of commitment the sum in which bail is required."

This court has often construed the statute and consistently held that the right of an accused charged with felony to a preliminary examination is a fundamental and basic right which is substantial, and if he is deprived of it, he is prejudiced; that while the object of a preliminary examination is to inform the accused of the nature and character of the crime charged against him, it is also a step, and a necessary step, in the proceeding to lead up to his trial in the district court; that the county attorney is not authorized to file an information against an accused of felony unless the accused is a fugitive from justice (*State v. Woods*, 49 Kan. 237, 30 Pac. 520; *State v. Grady*, 147 Kan. 268, 76 P. 2d 799), or the district court has ordered the information to be filed (K. S. A. 62-807), or the accused has waived his right to a preliminary examination, or has had a preliminary examination before a proper magistrate to whom it shall appear an offense has been committed and there is probable cause to believe the accused is guilty, and that the accused may not be put on trial in the district court until a preliminary examination has ripened into such a finding and a consequent binding over to the district court. (*State v. Montgomery*, 8 Kan. 351; *State v. White*, 44 Kan. 514, 25 Pac. 33; *State v. Goetz*, 65 Kan. 125, 69 Pac. 187; *State v. Howland*, 153 Kan. 352, 110 P. 2d 801.)

The information charged the offense sufficiently and showed it was prosecuted by the proper official. It was duly verified and alleged the defendant was a fugitive from justice. The defendant was arrested on the warrant issued out of the district court, but the record does not disclose where the arrest occurred, although we are told in oral argument the defendant was arrested in Wichita. At no time, prior to or during the trial, or in the motion for a new trial, was the district court's attention directed to the fact the defendant was not afforded a preliminary examination or had waived it, or that such an examination had been requested or denied, nor did the defendant file a plea in abatement alleging he did not have a preliminary examination and that he was not a fugitive from justice as that term is defined in K. S. A. 62-728 and *Thompson v. Nye*, 174 Kan. 750, 257 P. 2d 937. It is not necessary that the information allege the accused had a preliminary examination, or had waived it (*State v. Finley*, 6 Kan. 366), and it will be presumed the information was filed under such circumstances as warranted its filing and that all facts therein stated are true. (*Jennings v. State*, 13 Kan. 80; *State v. Consumers Warehouse Market*, 183 Kan. 502, 511, 329 P. 2d 638.)

It is a well-established rule of criminal procedure in this state that where there has in fact been no preliminary examination afforded the defendant, he is required to raise the question of the lack of such an examination prior to arraignment by filing a plea in abatement, and the proper practice is for the state to file a pleading raising either an issue of fact or law, or both, so the defendant may intelligently proceed. (*State v. Finley,* supra; *Jennings v. State,* supra; *State v. Blakesley,* 43 Kan. 250, 23 Pac. 570; *State v. White,* supra; *State v. Woods,* supra; *State v. Perry,* 102 Kan. 896, 171 Pac. 1150; *State v. Wisdom,* 99 Kan. 802, 162 Pac. 1174; *Uhock v. Hand,* 182 Kan. 419, 422, 320 P. 2d 794.) Moreover, a motion to quash or dismiss the information is properly overruled because such a motion only reaches some defect apparent on the face of the information and does not raise an issue of the want or the sufficiency of a preliminary examination. (*State v. Saindon,* 117 Kan. 122, 230 Pac. 301; *State v. Consumers Warehouse Market,* supra; 42 C. J. S., Indictments and Informations, § 214, p. 1210.)

Another rule ingrained in the criminal procedure of this state is that where a defendant files no plea in abatement that he had no preliminary examination on one or more charges contained in the information, and thereafter is arraigned, pleads not guilty, and goes to trial on the information, the subject of preliminary examination is no longer material (*State v. Bowman,* 80 Kan. 473, 103 Pac. 84; *State v. Perry,* supra; *State v. Saindon,* supra; *State v. Wallgren,* 144 Kan. 10, 11, 58 P. 2d 74), and a defendant cannot raise objection to the lack of or the sufficiency of a preliminary examination after trial and conviction (*State v. Perry,* supra; *Jennings v. State,* supra; *State v. Bowman,* supra, *State v. Wisdom,* supra), and objection by the defendant on appeal that he had no preliminary examination comes too late. (*State v. Bailey,* 32 Kan. 83, 3 Pac. 769.) See, also, *State v. Osburn,* 171 Kan. 330, 335, 232 P. 2d 451, and *Portis v. State,* 195 Kan. 313, 317, 403 P. 2d 959. In the recent case of *State v. Young,* 194 Kan. 242, 398 P. 2d 584, the foregoing rule was stated as follows:

"Although not assigned as error, and not actually here for purposes of appellate review because of failure to raise the point in the court below, it is suggested appellant did not have a preliminary examination on the charge which was filed against him in the district court. It must be remembered the record discloses that on the trial of the case in district court appellant, while represented by competent counsel, waived arraignment, pleaded not guilty, and went to trial on the amended information. Under such circumstances this

court has long been committed to the rule that, thereafter, questions raised respecting lack of preliminary examination are no longer material and afford no sound basis for reversal of the judgment in a criminal action on appeal (*State v. Majors,* 182 Kan. 644, 323 P. 2d 917; *State v. Osburn,* 171 Kan. 330, 335, 232 P. 2d 451, and *State v. Wallgren,* 144 Kan. 10, 11, 58 P. 2d 74), or for the granting of a writ in a habeas corpus proceeding (*Thomas v. Hand,* 184 Kan. 485, 337 P. 2d 651, and *Ramsey v. Hand,* 183 Kan. 307, 309, 327 P. 2d 1080)." (l. c. 245.)

The foregoing procedural rules are salutary and serve a legitimate state interest. (*State v. Freeman,* 195 Kan. 561, 408 P. 2d 612.) Their purpose is designed to promote definiteness, fairness, and orderly procedure of criminal litigation, and they present no federal question. (*State v. Aeby,* 191 Kan. 333, 381 P. 2d 356, and cases cited.) When a plea in abatement is timely filed and the state responds with a proper pleading, evidence is introduced upon the issue and if the plea is overruled the ruling thereon is not appealable until final disposition of the case in the district court. (*State v. Brown,* 144 Kan. 573, 61 P. 2d 901.) However, the sufficiency of the evidence to sustain the order overruling the plea is reviewable upon appeal from the judgment of conviction. (*State v. Morris,* 190 Kan. 93, 96, 372 P. 2d 282.) Thus, the rule permits the defendant to orderly raise the question of lack of preliminary examination prior to going to trial, and also preserves the question for appellate review.

In view of the foregoing, and since the defendant filed no plea in abatement alleging he was not a fugitive from justice and that he had no preliminary examination upon the charge contained in the information, and thereafter was duly arraigned, pleaded not guilty, and went to trial on the information, the subject of preliminary examination was no longer material.

The defendant next contends the district court erred in overruling his oral motion to dismiss the information and to enter a judgment of acquittal. It is argued that, following his arrest, the defendant was not forthwith brought before the district court and that he was not admitted to bail for his appearance at the next regular term of the court. As previously noted, the defendant was arrested on Friday, December 18, 1964, and was brought before the court the following Monday morning, December 21—the courthouse in Sedgwick County is officially closed on Saturdays, and December 20, 1964, was Sunday. Even if it could be assumed this delay was unreasonable, it did not of itself constitute a denial of due process

of law. (*Cooper v. State,* 196 Kan. 421, 425, 411 P. 2d 652; *Mc-Farland v. State,* 196 Kan. 417, 419, 411 P. 2d 658.) It is true the county attorney failed to enter a formal order fixing the defendant's appearance bond in the sum of $50,000. Failure of the state to comply with the statute in this respect is inexcusable, however, the defendant's rights were not prejudiced by such failure and had he or his counsel sought to give an appearance bond, the amount had been fixed by the court and could have been easily ascertained. In any event, it cannot be said the defendant was denied bail in violation of Sec. 9 of our Bill of Rights.

The defendant next argues that the purported arraignment on December 21, 1964, was void because his retained counsel was not present. It is unnecessary to discuss this point since the defendant was duly arraigned in the presence of his court-appointed counsel on May 3, 1965, and entered a plea of not guilty. The issue for the jury to determine was framed by his plea of not guilty. See, *State v. Wilson,* 42 Kan. 587, 22 Pac. 622; *State v. Rook,* 61 Kan. 382, 59 Pac. 653, and *State v. Baker,* 57 Kan. 541, 46 Pac. 947. Having heard all the evidence, the jury returned its verdict finding the defendant guilty and the district court approved the verdict when it overruled the defendant's motion for a new trial.

The defendant next contends the district court erred in overruling his motion for a new trial. As previously indicated, at the hearing on the motion for a new trial, counsel for the defendant waived the question of the sufficiency of the evidence to support the verdict. However, we have fully reviewed the evidence and it overwhelmingly established each ingredient of the crime charged in the information and the motion for a new trial was properly overruled.

The defendant contends that he was misled in the absence of his attorney on December 21, 1964, into believing the maximum sentence he could receive if convicted of the offense charged would not exceed two years, and in relying thereon, availed himself of his right to a trial and received a sentence of life imprisonment. The contention is not meritorious. Without passing upon the validity of the defendant's arraignment on December 21, 1964, the record clearly shows that following his arraignment on May 3, 1965, and in the absence of the jury, the state served notice in open court upon the defendant and his counsel that in the event the defendant

was convicted of the offense charged, it would seek sentence pursuant to the Kansas Habitual Criminal Act. Two prior convictions of felony were introduced prior to the imposition of sentence and the court found from the record and other competent evidence the fact of said former convictions and sustained the state's motion to sentence the defendant under the Kansas Habitual Criminal Act. The sentence imposed by the district court was within the terms of the statute. (K. S. A. 21-107a.)

The defendant argues that because of many irregularities in the trial he was faced with confusion and surprise and did not receive a fair trial. The record speaks for itself and reflects overwhelmingly otherwise. Counsel for the defendant had ample opportunity to prepare the defendant's defense and at no point did either he or the defendant indicate they were surprised or confused by the state's evidence. The defendant and other prisoners tied up a guard and used a makeshift rope made out of torn mattress covers to lower themselves from the sixth floor of the Sedgwick County jail to a lower roof of the courthouse where he was able to make good his escape. No lawful authority was given to the defendant to leave the confines of the jail and under the evidence the jury had ample grounds to find him guilty.

We are of the opinion the district court conducted the trial in accordance with the criminal procedure of this state and with the view that justice be done. We have carefully reviewed the record and find no reversible error. Like the district court, we are of the opinion the defendant had a fair trial, and the judgment is affirmed.

It is so ordered.

FROMME, J., not participating.