No. 20,303.

THE STATE OF KANSAS, *Appellee*, v. PAUL CALVERT, *Appellant*.

SYLLABUS BY THE COURT.

1. ATTEMPT TO COMMIT RAPE—*Date of Offense—Evidence—Alibi.* In a prosecution for an attempt to commit rape, several of the state's witnesses gave testimony tending to show that the offense occurred August 5, 1914, the date charged in the information, but some of them being recalled before the state rested corrected their statements and fixed July 29, 1914, as the time. The state elected to stand upon that date, and during the further progress of the trial the fact was undisputed that, if the offense was committed, the date upon which the state asked conviction was the right one. *Held*, that evidence offered by defendant showing that on the date alleged in the information he was at another place far removed from the vicinity of the crime, furnished no ground for the defense of an alibi, and that instructions relating to that defense were properly refused.

2. SAME — *Complaint — Offer of Settlement — Evidence Excluded — Not Error.* The complaint in a prosecution charging an assault with attempt to commit rape upon a female child ten years of age was sworn to by the child's father who was not a witness at the trial. *Held*, on the facts stated in the opinion it was not error to exclude testimony for the purpose of showing that before swearing to the complaint he had offered to settle the case.

Appeal from Coffey district court; WILLIAM C. HARRIS, judge. Opinion filed December 11, 1915. Affirmed.

*Joe Rolston,* of Burlington, *G. H. Lamb,* and *W. E. Hogueland,* both of Yates Center, for the appellant.

*S. M. Brewster,* attorney-general, *John L. Hunt,* assistant attorney-general, and *J. M. Pleasant,* county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant, a boy 19 years old, was convicted of assaulting a little girl with intent to commit rape. He complains principally of alleged error in the exclusion of testimony and in the refusal to instruct the jury upon his defense of an alibi. The information charged that the offense was committed in Coffey county on the 5th day of August, 1914. Opal Cree, who was ten years old, had been visiting at the home of her uncle, James Cree, and the defendant, who is a brother of the wife of James Cree, was staying there at the same time. The parents of Opal lived on a farm about two miles distant. The little girl testified that on the evening of August 5, 1914, defendant took her riding on a bicycle; that they went to her home and remained for a short time; that on the way back to James Cree's place the defendant stopped near a bridge, took her off the bicycle, and committed the offense. Her parents were out of the state at the time and did not return for several days. She testified that she went home the next day and informed her sister of what had happened. Her sister first testified that it was on the 6th of August Opal told her about it, but was recalled the next day and corrected her testimony, explaining how she had been mistaken as to the dates, and then testified that it was the 29th of July when the defendant and Opal went riding.

No doubt the defendant suffered some disappointment because of the change in the testimony, for he afterward proved that on the 5th day of August he was in Burlington. The state informed the court before the case went to the jury that it made no claim that the offense was committed on August 5, but did contend that it occurred July 29. The testimony showed beyond any doubt that it was the 29th of July when defendant took Opal riding, and it is not possible defendant was prejudiced by the change in the testimony or the refusal to instruct on the defense of an alibi. Alva Cree, the brother of Opal, at first testified that it was on August 7 he learned of the matter, but afterward corrected his testimony. These corrections in the testimony of the witnesses in regard to the date when defendant took Opal over to her father's place on the bicycle, and when they first heard that he was charged with

any wrong, were made before the state rested. The fact that the little girl was not recalled to correct her statement as to the date is of no importance. She was a mere child and knew only that the offense occurred at the time she went riding with the defendant.

That no prejudice resulted from the change in the testimony and the refusal to instruct the jury to consider the defense of an alibi is further apparent from the fact that the witnesses for the state as well as those for the defense testified that a family council was held about the matter long before August 5. The defendant's mother testified that on July 31, Alva, Opal, and James Cree, their uncle, came to her home in Burlington, and there the matter was talked over. Defendant himself testified that at this conference he learned for the first time that he was charged with any wrongdoing. His sister, Mrs. James Cree, was called as a witness for the state. She kept a diary, which she produced in court, showing under the date July 29 a statement that Paul had taken Opal for a ride. She testified that independent of the entry in the diary she remembered the occurrence.

After the witnesses for the state had corrected their first statements about the dates, it can not be said there was any dispute as to the fact that, if the offense was committed, the date upon which the state asked conviction was the correct one. Evidence therefore showing that at another time the defendant was at Burlington and absent from the vicinity of the crime became wholly immaterial. It furnished no ground for the defense of an alibi, and the instruction, if given as requested, could have served only to confuse the jury.

The complaint was sworn to by John Cree, the father of Opal. The defendant offered to prove certain statements made by John Cree which it is claimed would have shown that the motive of the prosecuting witness was to enforce the payment of money from defendant's father. John Cree was not called as a witness. He swore to the complaint probably for the reason that the tender years of Opal prevented her from doing so. After the prosecution was commenced he had no control over it, and since he was not a witness his motives or prejudice can not be shown. The prosecution was by the state, and

whatever his personal motives in swearing to the complaint, they have no bearing upon the guilt or innocence of defendant.

Doubtless the jury gave considerable weight to the conduct of defendant in leaving the state shortly after he was accused, and his admissions of guilt testified to by witnesses who talked with him while he was under arrest. We find nothing in the record to indicate that he was not given a fair and impartial trial, and the judgment must be affirmed.